## Cyrus Cadwallader, Plff. in Err., v. William Brodie.

The improper admission of documents in evidence may be cured by instructions that the jury must disregard them and that there is nothing to prevent the party against whom they are offered from recovering.

If, however, after such instructions the jury find for the other party, and the court below refuses a new trial, the supreme court will not assume that the jury disobeyed instructions. It will presume, as it would have been the duty of the court below to grant a new trial had there been no other evidence to sustain the verdict, that there was such other evidence.

(Argued March 23, 1888.  Decided April 9, 1888.)

January Term, 1888, No. 197, E. D., before Paxson, Ster-
rett, Green, Clark, and Williams, JJ. Error to Common
Pleas No. 4 of Philadelphia County to review a judgment on a
verdict for the defendant in an action of covenant. Affirmed.

This was an action by Cyrus Cadwallader against William
Brodie upon a lease under seal made between the plaintiff and
defendant, dated March 17, 1871, for the cellar and store room
of premises No. 915 Oxford street, in Philadelphia, for the
term of one year, from March 20, 1871, at a yearly rent of $360
per annum, and claim for ten months' rent. The pleas were *non
est factum* and covenants performed with leave, etc., and *non
infregit conventionem.*

The defense was twofold: First, that before the lease was
signed defendant had stated to plaintiff that the cellar appeared
wet, and plaintiff had said he would make it all right. This
was only testified to by defendant and denied by plaintiff. De-
fendant remained in possession two months and then moved out
and gave the key to his office boy, to take to plaintiff, but could
not prove that it was ever delivered. Defendant claimed that
the cellar was wet and that he moved because plaintiff did not
repair it. The second ground of defense was that plaintiff had
no right to sue, because his rights had vested in other parties
(by virtue of certain proceedings in the United States circuit
court for the eastern district of Pennsylvania, of October ses-
sion, 1873, No. 75, in which suit plaintiff herein was a defend-
ant, but defendant was not a party or privy), and also by virtue
of a deed executed by plaintiff herein, more than two years after
this rent accrued, whereby he conveyed the property to other
parties.

The trial judge admitted the record of said suit in the United
States court [1] and deed [2] in evidence against the objections
of the plaintiff's counsel, although no exception was taken, but
charged the jury as follows:

This suit is based upon a lease made between plaintiff and de-
fendant. There is no dispute about the lease having been en-
tered into; and this would give the plaintiff the right to recover,
unless connected with it there was some other fact that you have
a right to consider. I instruct you that there is no reason in the
record, or in any documents put in evidence, why the plaintiff can-

not recover. When two parties make a contract the presumption is that they have put into the contract all their agreement. So in this case the presumption is that they have put into this paper all their agreement. Brodie says that there was a part of the contract not put into the agreement, namely, to remove the dampness from the cellar. The presumptions are all in favor of Mr. Cadwallader, and inconsistent with Mr. Brodie's statement. Now, while it is a presumption of law, as I have stated to you, that the parties have incorporated into the contract all that they have agreed to, yet a written agreement can be altered. In order to do this a man must have at least two witnesses, or one witness and corroborative circumstances. The question for you is whether defendant has laid sufficient ground to enable him to upset this agreement or lease.

If this cellar was not wet and damp enough to make it uninhabitable, there was no reason or necessity for any such agreement. When you say that a man will make a cellar all right, or put it in good order, you do not mean that he will put it in as good condition as a parlor. You cannot expect it to be as dry as the rooms in a second or third story. If it was a cellar dug out of gravel—with a gravel bottom above the grade of ground adjacent to it; it is a very serious question whether such a cellar would be regarded as so wet and damp as to be untenantable. If the cellar was a dry cellar, or such as was adapted to the business, or in as good condition as it could be put in, then there was no room for any such contract, and I should dismiss the question from my mind.

Mr. Brodie would not say that there was water there, but that it was damp in spots. Comfort had been there; and while he did not remember that there was gravel in this cellar, Cadwallader says that they dug gravel out of this cellar. All this bears upon the question of dampness. Mr. Brodie says that the same day the contract was made he had an interview with Mr. Cadwallader, and Cadwallader said he would make the cellar right, and on the strength of this he made the lease. By the lease Brodie bound himself to keep the premises in good condition. Brodie went into possession and stayed two months. He put down a wooden floor in the cellar. He then vacated the premises he says because it was damp. He says he sent the key to Cadwallader by a boy. Suppose he did, that does not necessarily relieve him from his contract. If the landlord had

said all right, you can go, or words to that effect, it would have been the end of the lease. But merely leaving the key does not relieve him. If Brodie went somewhere else because it suited him better, or because he could get cheaper rent, or for any other reason of his own, he is liable for the rent.

Defendant seeks to find the corroborative circumstances in the lapse of time. Undoubtedly it is to be considered by the jury, but of itself it is no defense. A claim upon a lease under seal is a good claim for at least twenty years. The party need only produce his lease and he is entitled to recover in the absence of some sufficient defense. Cadwallader says that there was no dampness and no agreement to repair. He explains delay that he did not know where Brodie was. There was no legal duty resting upon Mr. Cadwallader to bring suit; and if there is no other defense than lapse of time, he is entitled to your verdict. He is entitled to your verdict unless defendant has shown that there was an agreement other than the written agreement.

If you believe that the lapse of time was caused by Cadwallader knowing that he had no claim, it might then be considered as a corroborative circumstance in determining the question of the agreement.

Unless you find that in the case that enables you to reform this instrument, unless you find sufficient corroborative evidence to make up two witnesses, the plaintiff is entitled to recover.

No exceptions were taken to the charge.

Verdict and judgment were for the defendant.

The assignments of error specified the action of the court in admitting in evidence: (1) The record of the United States circuit court; and (2) the deed.

The court below refused to grant a new trial.

*Edwin O. Michener* and *E. Hunn Hanson,* for plaintiff in error.—It becomes a serious question for the appellate court to consider, whether when the record discloses the fact that the court below was bound to grant a new trial under the law because the jury had disregarded the charge, and the court had refused to do so, this court will not seize any error, which under some circumstances might be overlooked, and reverse the judgment when

it sees that in no other way can justice be done. Velott v. Lewis, 102 Pa. 327.

This record and deed were not admissible. The effect of a judgment, decree, or judicial order can only be invoked in another suit by parties or privies to it, and never by strangers. Leland v. Tousey, 6 Hill, 328–334; Breading v. Siegworth, 29 Pa. 396; Giltinan v. Strong, 64 Pa. 242; Ruff v. Ruff, 85 Pa. 333; Cecil v. Cecil, 19 Md. 72–79, 81 Am. Dec. 626.

The rent was not assigned nor was the lease under which it became due nor was the property out of which it was reserved, until nearly three years after it had accrued. Yet not only the record was admitted, but the deed by which the property was conveyed in trust was also admitted.

*Samuel W. Cooper, W. W. Montgomery,* and *Samuel Wagner,* for defendant in error.—The paper book of the plaintiff in error does not comply with rule XXIV of this court, which requires that "when the error is as to the admission or rejection of a writing, a full copy of the writing must be printed in the paper book. Any assignment of error not according to this rule will be held the same as none."

It is the established rule of practice in this court not to reverse on account of the reception or rejection of written evidence, without being furnished with the paper in question or a copy of it. Wilvert v. Sunbury, 81* Pa. 57; Gratz v. Gratz, 4 Rawle, 411; Aiken v. Stewart, 63 Pa. 33; Philadelphia v. Riddle, 25 Pa. 259; Richardson v. Gosser, 26 Pa. 335.

There was no error in the admission of the record. It was competent. It shows an outstanding injunction against the plaintiff in this case, which has never been revoked or dissolved, restraining him from collecting the very rent sued for, and showing that the property for which rent is claimed never belonged to him, but had been put fraudulently in his name, while it was really the property of the Franklin Saving Fund Society, and that any rent for the same must be sued for and collected by the assignees of that institution.

If there was error in the case, it was in the failure to charge the jury that, under the evidence presented by the record, there could be no recovery by the plaintiff, and that their verdict must be for the defendant. Exactly the contrary was charged, and this is now assigned as error.

Where irrelevant testimony is admitted, it must clearly appear that it had a tendency to mislead the jury. Rauch v. Scholl, 68 Pa. 234.

The court will not reverse for the admission of evidence which the judge subsequently directed the jury to disregard and which could not have influenced their verdict. Peterson v. Speer, 29 Pa. 478; Hood v. Hood, 2 Grant, Cas. 229.

The defense was that the defendant had paid for the premises during the time they were occupied by him, and that the landlord had released him from the remainder of the term named in the lease.

Where the period is short of twenty years, the presumption of payment must be aided by other circumstances besides the mere lapse of time. But exactly what these circumstances may be never has been, and never will be, defined by the law. There must be some circumstances; and when there are any it is safe to leave them to the jury. Diamond v. Tobias, 12 Pa. 312; Moore v. Smith, 81 Pa. 182; Hess v. Frankenfield, 106 Pa. 440; Tilghman v. Fisher, 9 Watts, 442; Lee v. Newell, 107 Pa. 292.

The defense in the present case was a release, and the rule shown above applies with equal, if not greater, force to such a case than to one where actual payment is the defense.

Per Curiam:

Conceding that it was error to admit in evidence the record referred to in the first assignment of error, and the deed specified in the second assignment, the effect of such error was cured by the pointed and positive instruction to the jury to disregard it. The learned judge said in his charge: "I instruct you that there is no reason in the record, or in any documents put in evidence, why the plaintiff cannot recover."

We cannot assume that the jury disregarded their duty by disobeying the instructions of the court. It would have been the duty of the learned judge below to set aside the verdict and grant a new trial had there not been sufficient evidence, other than the record, to sustain the finding of the jury. As he has not done so we cannot say that the admission of these documents injuriously affected the plaintiff's case.

Judgment affirmed.